```
               IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF INDIANA
                        HAMMOND DIVISION


NATIONAL ROOFING INDUSTRY     )
PENSION FUND,                 )
                              )
Plaintiff,                    )
                              )
vs.                           )   NO. 2:03-CV-271
                              )
THUNDER BAY ROOFING, INC.     )
and PAUL GIVENS,              )
                              )
Defendants.                   )
```

## OPINION AND ORDER

This matter is before the Court on the Application for Clerk to Enter Default of Defendants, filed by Plaintiff, National Roofing Industry Pension Fund on March 9, 2006. For the reasons set forth below, the application is **TAKEN UNDER ADVISEMENT**. This matter is set for a status conference on April 27, 2006, at 1 p.m.

The initial complaint in this case was filed on July 7, 2003. Thereafter, this Court, upon Plaintiff's motion indicating the parties had resolved their dispute, dismissed the suit without prejudice. In December of 2004, the case was reinstated, and the Clerk, upon application of the Plaintiff, entered default as to Defendants Thunder Bay Roofing, Inc. and Paul Givens. On February 2, 2006, Plaintiff filed an amended complaint, and a motion to vacate the clerk's entry

of default in light of the amended complaint.  The default was vacated on February 7, 2006.  The docket in this case contains no evidence that the first amended complaint was served on any Defendants.  Nonetheless, on March 9, 2006, Plaintiffs filed the instant Application for Clerk to Enter Default of Defendants.

Under Federal Rule of Civil Procedure 55, an entry of default is only appropriate where the party seeking default shows, by means of an affidavit or by other competent proof, that the parties to be defaulted have been effectively served with process.  10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2682 (3rd ed. 1998).  In the instant case, the parties were served with process in October 2003.  However, since that time, the case has been both dismissed and reinstated, and an amended complaint has been filed.  When an amended complaint is filed, the original complaint no longer performs any function in the litigation.  *See Wellness Community-National v. Wellness Home,* 70 F.3d 46, 49 (7th Cir. 1995).

Under the circumstances of this case, this Court is concerned about the propriety of granting the instant application for default, absent a showing of clear notice to the Defendants.  Therefore, this matter is set for a status conference on April 27, 2006, at 1 p.m, at which time the Defendants should be prepared to show cause why the instant application for default should not be granted.  **Failure of Defendants to appear at the scheduled status conference will result**

**in default.**  The Clerk is **ORDERED** to provide each party with a copy of this order at the last known address.

**DATED:  April 18, 2006**            /s/RUDY LOZANO, Judge
                                      **United States District Court**